Fred J. Munder, J.
The owners duly served a notice upon the lienor, pursuant to section 59 of the Lien Law, requiring that the lienor bring its action to foreclose the lien within 30 days or show cause why the lien should not be vacated.
The lienor, which supplied lumber for the construction of a dwelling, asks that the motion be denied or that it be given six months to bring its action because it has already sued the contractor who defaulted in answering, and the lienor is about to enter judgment. The lienor asks that it be given time to explore the situation through supplementary proceedings before being called upon to spend the sums incident to a foreclosure action.
On the other hand, the owners, who say they have spent more than the contract price to correct the contractor’s mistakes and complete the job which the contractor abandoned in an unfinished condition, have the problem of converting their building loan into a permanent mortgage. They say the bank refuses to do this with the lien extant and they stand to default in the repayment of the building loan and thus lose the property.
Under these circumstances the lienor’s excuse is hardly acceptable. It filed its lien knowing the foreclosure procedure. To save a few dollars before testing the owner’s responsibility to it, the lienor proceeded independently against the contractor. This is not to be condemned but if, as the owners say, the lienor may not recover against the property because they have paid more than the contract called for, then this delay in pursuing the lien remedy is likely to work great mischief to the owners as against a slight benefit to the lienor.
It must not be overlooked that in a foreclosure action the lienor, failing to enforce the lien against the property, could get the same result against the contractor that would follow the independent action against the contractor.
Under these circumstances the court’s discretion is exercised in favor of the owners and the lien is vacated and cancelled.
Submit order.